## CARLETON v. STATE.

Ohio Appeals, 5th Dist., Coshocton Co.

No. 169. Decided Apr. 14, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

193. BURGLARY—629. Indictments—705. Larceny—414. Dogs.

1. Saving clause "or other building" in 12438 GC., held to include dog house.

2. Dog is property of value and is subject of larceny and burglary.

Error to Common Pleas.
Judgment affirmed.

Glenn & Glenn, Coshocton, for Carleton.
C. O. Turner, Pros. Atty., Coshocton, for State.

STATEMENT OF FACTS.

The defendant below, Benj. Carleton, was indicted, tried and convicted in the Common Pleas Court of burglary in this, to-wit: breaking and entering in the night season into a certain kennel, to-wit, a house for dogs, of Geo. H. Farmer, then and there carrying away a certain dog, to-wit, a dog of the value of $100, the property of the said Geo. H. Farmer, etc.

He was sentenced to the Ohio Penitentiary to serve a term of imprisonment of not less than one year and not to exceed fifteen. Error is prosecuted to this court, seeking a reversal of the judgment of conviction and counsel rely only upon two grounds of claimed error, which are as follows:

First. The indictment does not state an offense in law.

Second. That a dog is not property of any value.

HOUCK, J.

"The indictment in this case was returned under favor of Section 12438 GC.

Coming now to the first error relied upon will say that it is urged that the indictment is faulty and defective in substance, because it does not aver that defendant broke and entered a building, either by using the word "building," which is the word used in the statute, or any equivalent word. As to this claim, we are not in accord with counsel. An inspection of the language used in the indictment discloses that it is averred that Ben Carleton did unlawfully, maliciously and forcibly break, etc., into a certain kennel, to-wit a house for dogs, etc.

While the language here used does not strictly follow the enumerated buildings, or structures, yet we are clearly of the opinion that the language used is within the intention and the purpose and is fully covered by the provision of the statute in question. The saving clause in the statute "or other building" fully and completely includes and covers the designated house, or building, alleged to have been entered and burglarized by the defendant in this case.

Measuring the allegations and the statements, as charged in the indictment, by the provisions of 12438 GC., the indictment now under review fully and completely charges the defendant with such accuracy, precision and completeness as the law requires.

As to the second claimed error, the conceded evidence is that the dog was of the value of from $50 to $150, which, we are inclined to believe, is a substantial money value.

This court is not inclined to follow the claim of counsel for the defendant that a dog is not property, or of value, and is not the subject of burglary or larceny. In our opinion, a careful reading of the case of Hill v. Michan, 116 OS. 547 and the learned opinion of the Supreme Court in that case and the reasoning therein contained can lead us to but one conclusion, and that is, that a dog is property of value and is a subject of larceny and burglary. It may be urged that this case is not on all fours with the case at bar, and while that may be, yet we cannot escape the line of reasoning contained in the opinion in the cited case.

We are of the unanimous opinion that no prejudicial error has intervened in this case and that the verdict of the jury and the judgment of conviction entered thereon by the trial judge are predicated upon sufficient facts and sound law governing them."
(Shields, J., and Lemert, J., concur.)